# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SPS OWNER, LLC, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:23-CV-00067-SDJ-CAN |
| v. § | |
| § | |
| RAHEEM WARD, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Raheem Ward's Notice of Removal [Dkt. 1].[1] Having considered the Notice of Removal, and all other relevant pleadings, the Court recommends, *sua sponte*, that the above-referenced cause be **REMANDED** to the appropriate state court, as set forth herein.

## BACKGROUND

On January 25, 2023, *pro se* Defendant Raheem Ward ("Defendant") purported to remove the instant eviction suit from a state justice court to the Eastern District of Texas. More specifically, on January 6, 2023, Plaintiff SPS Owner, LLC ("Plaintiff") filed a forcible detainer and eviction action against Defendant in the Justice Court, Precinct 4 of Collin County, Texas, Case No. 04-EV-23-00117. *See SPS Owner LLC v. Ward*, No. 04-EV-23-00117 (Collin Co. Just. Ct. No. 4, Tex. Jan. 26, 2023).[2] On January 25, 2023, Defendant filed a "Petition for Removal and

---

[1] Defendant also filed a Motion to Proceed *In Forma Pauperis* [Dkt. 2], which remains pending.

[2] The Notice of Removal includes only the sworn complaint for forcible entry and detainer and a copy of the "Notice of Removal to Federal Court"; it does not contain a certified copy of the state court docket sheet, a copy of all the pleadings, all answers, and any order served upon Defendant, as required to be filed with the notice of removal pursuant to Eastern District of Texas Local Rule CV-81(c). Notwithstanding, the Court properly takes judicial notice of the state court eviction proceedings, as "[t]he proceedings at issue are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be challenged." *See Flores v. U.S. Att'y Gen.*,

Federal Stay of Eviction Pursuant to 28 USC 1441 (B)" in this Court and thereafter notified the Justice Court of the filing [Dkt. 1]. *See Ward*, No. 04-EV-23-00117 (Def. Ex. Jan. 25, 2023).[3] The next day, on January 26, 2023, the Justice Court held a hearing on Plaintiff's sworn complaint for forcible entry and detainer and granted the request for eviction. *See id.* Judgment was mailed to Defendant the same day. *See id.* On February 3, 2023, Defendant filed a Notice of Appeal. *See id.* On February 13, 2023, a writ of possession was requested from the Justice Court, and the writ was issued the same day. *See id.* On February 17, 2023, Defendant filed his appeal to the County Court at Law No. 1 of Collin County, Texas. *See SPS Owner LLC vs. Raheem Ward and All Other Occupants*, No. 001-00508-2023 (Collin Co. Ct. at Law No. 1, Tex. Mar. 16, 2023). A month later, the County Court at Law dismissed the appeal for want of prosecution. *See id.*

*Notice of Removal*

Defendant cites 28 U.S.C. § 1331 (federal question jurisdiction) and § 1367(a) (supplemental jurisdiction over state-law claims) as the basis for removal [Dkt. 1 at 2]. Defendant alleges Plaintiff was "attempting to collect a debt in violation of the Fair Debt Collection and Practices Act (FDCPA) of 1978," and further, that the Justice Court proceedings violated the "Uniform Commercial Code of 15 U.S.C. 1692" as an "unlawful eviction proceeding[]" [Dkt. 1 at 1]. No proper basis for removal exists. Upon review, the Court finds it lacks subject matter jurisdiction over this removed eviction and forcible detainer proceeding and *sua sponte* recommends this cause be remanded.

---

No. 1:14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015). The Court "may take judicial notice of the filings in state district court [including the complaint] as they are matters of public record." *See Malloy v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-379-G (BH), 2018 WL 5315840, at *3 (N.D. Tex. Oct. 5, 2018) (citing *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court ... to establish the fact of such litigation and related filings")), *report and recommendation adopted*, No. 3:18-CV-0379-G (BH), 2018 WL 5312839 (N.D. Tex. Oct. 26, 2018).

[3] The docket from the Justice Court does not make clear whether that justice court received Defendant's notice of removal prior to holding the January 26, 2023, hearing or granting the request for eviction.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." 28 U.S.C. § 1447(c); *see Nahlawi v. Burton-Dabney*, No. 4:14CV609, 2015 WL 139764, at *1 (E.D. Tex. Jan. 9, 2015) ("Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking."). In an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, No. 4:18-CV-00837, 2020 WL 512507, at *2 (E.D. Tex. Jan. 31, 2020) (citing *Humphrey v. Texas Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014)) ("When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("any federal court may raise subject matter jurisdiction *sua sponte*"). Therefore, even though no motion to remand has been filed, the Court may consider whether it has subject matter jurisdiction over an eviction proceeding removed to federal court. *See Sanders v. Wright*, 5:17CV131-RWS-CMC, 2017 WL 3599536, at *4 (E.D. Tex. Aug. 22, 2017) ("Even though there was no motion to remand pending, it was proper for the Magistrate Judge to *sua sponte* examine whether the Court has subject matter jurisdiction over this removed case.").

The general removal statute, 28 U.S.C. § 1441(a), allows a defendant to remove a case to the federal district court for the district and division within which the underlying state action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," *or* over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332.

## ANALYSIS

The Court recommends this case be *sua sponte* remanded for lack of subject matter jurisdiction. The Court lacks federal question jurisdiction over this cause.[4] Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Under the well-pleaded complaint rule, federal question jurisdiction depends on whether there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (internal quotation marks omitted); *see Texas Health Mgmt. LLC v. HealthSpring Life & Health Ins. Co.*, 380 F. Supp. 3d 580, 586 (E.D. Tex. 2019) ("[I]f the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim."). Generally, under the well-pleaded complaint rule, a case does not arise under federal law and thus is not removable if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action. *Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v.*

---

[4] To the extent Defendant attempts to argue diversity jurisdiction exists [Dkt. 1-3 at 1], for jurisdiction to exist under § 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Defendant checks boxes asserting Plaintiff and Defendant are citizens of different states, but nowhere is the amount in controversy stated or otherwise satisfied.

*Construction Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)).

It is well settled that a forcible detainer action is a state law claim that provides no basis for federal question jurisdiction. *Bank of N.Y. Mellon v. Grewal*, No. 4:22-cv-34, 2022 WL 1206668, at *5 (E.D. Tex. Mar. 23, 2022) (citing *Ellsberry v. Crouse*, No. 3:21-cv-2126, 2021 WL 4268281, at *2 (N.D. Tex. Sept. 9, 2021), *report and recommendation adopted*, No. 3:21-cv-2126, 2021 WL 4265765 (N.D. Tex. Sept. 20, 2021)), *report and recommendation adopted*, No. 4:22-cv-34, 2022 WL 1204093 (E.D. Tex. Apr. 22, 2022). Applying the well-pleaded complaint rule, Plaintiff's sworn complaint for forcible entry and detainer filed in the Justice Court raises a single cause of action for forcible detainer (eviction) with the primary purpose of obtaining physical possession of the property under state law [*See* Dkt. 4]. Plaintiff's complaint does not raise any question arising under federal law, nor does Plaintiff's right to relief depend on the resolution of any substantial, disputed question of federal law. Rather, Plaintiff's complaints assert a traditional state law claim for forcible detainer. *See Progress Residential v. Crump*, No. 4:18-CV-0467, 2018 WL 4572710, at *2 (E.D. Tex. Aug. 28, 2018) (recognizing no basis for a federal question where "Plaintiff's pleading raises a single cause of action for forcible detainer."), *report and recommendation adopted*, No. 4:21-CV-467, 2018 WL 4566683 (E.D. Tex. Sept. 24, 2018). Removed state-law forcible detainer actions that provide no basis for federal question jurisdiction should therefore be remanded. *See Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *4–5 (E.D. Tex. Nov. 22, 2016) (remanding a forcible detainer action under similar facts) (citing *U.S. Bank, N.A. v. Allain*, No. 1:14-CV-670, 2015 WL 679233, at *2-3 (E.D. Tex. Feb. 17, 2015); *Nahlawi*, 2015 WL 139764, at *2 ("Plaintiff merely filed a forcible detainer action and asserted no federal claims. Nothing about the state law forcible detainer action appears to raise issues of federal law; therefore, there was no federal subject matter jurisdiction upon which

to base removal, and remand is appropriate. Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law."); *see also Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10–CV–1321–L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (remanding forcible detainer action because the plaintiff's complaint did not raise a federal issue and the state law claim for forcible detainer had not been completely preempted by federal law).

Moreover, "[i]t is not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). "There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule." *Tex. ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 n.2 (5th Cir. 1998); *Stump*, 322 F. App'x at 380 ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."). Defendant has not pleaded that Plaintiff violated the FDCPA in attempting to wrongfully collect a debt,[5] but even if he had, such a counterclaim would not change the nature of *Plaintiff's claim* and cannot be considered in determining the existence of removal jurisdiction. *See Stump*, 322 F. App'x at 380 (dismissing appeal of removal of state court eviction action); *Morse*, 2016 WL 6871143, at *5 (citing *Stump*, 322 F. App'x at 380).

To the extent sought to be invoked, supplemental jurisdiction does not provide an

---

[5] In addition, Defendant's FDCPA allegations are insufficiently pleaded to establish any plausible violation of the FDCPA. *See, e.g.*, *Mitchell v. Greenville Prop. Owners, LLC*, No. 3:21-CV-3103-L-BH, 2021 WL 5908970, at *2 (N.D. Tex. Dec. 14, 2021) ("Even assuming that the court has jurisdiction, it determines that Plaintiff is not entitled to the injunctive relief requested. Plaintiff's FDCPA claim is insufficiently pleaded to establish a substantial likelihood of prevailing on the merits of this claim. Specifically, Plaintiff's Complaint lacks sufficient facts regarding Greenville's conduct and debt collection practices that, if proved, would establish a violation of the FDCPA.").

independent basis for removal. A federal court's supplemental jurisdiction over state-law claims is limited to "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because the Court lacks original jurisdiction over this forcible detainer action, supplemental jurisdiction provides no basis for removal. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Holders of GSAMP Tr. 2005-AHL Mortg. Pass-Through Certificates, Series 2005-AHL v. Armendariz*, No. EP-14-CV-00176-PRM, 2014 WL 12877033, at *4 (W.D. Tex. June 30, 2014) (citing *Zewe v. L. Firm of Adams & Reese*, 852 F. Supp. 516, 520 (E.D. La. 1993)) ("Because the Court has determined that it does not have original jurisdiction over Plaintiff's forcible detainer action, it finds that Defendants' argument that removal was proper pursuant to 28 U.S.C. § 1367 is now moot.").

Finally, regarding Defendant's assertion that the eviction proceedings before the Justice Court were "unlawful" [Dkt. 1 at 1], the Court also does not have subject matter jurisdiction over a collateral attack on a state court judgment. *See Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578009, at *5 (E.D. Tex. July 27, 2015) ("Plaintiff seeks by and through his claims to establish that the underlying eviction process was improper and unlawful . . . . The underlying eviction process is complete, with all appeals having been exhausted. Plaintiff cannot attempt to collaterally attack that state law decision."), *report and recommendation adopted*, No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015). To the extent Defendant requests the Court prevent Plaintiff "from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief." *See Henderson v. Larkin St. Homes, LLC*, No. 4:23-CV-0084-O-BP, 2023 WL 2072090, at *2 (N.D. Tex. Feb. 17, 2023) (citing *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013)), *report and recommendation*

*adopted*, No. 4:23-CV-00084-O-BP, 2023 WL 2090989 (N.D. Tex. Feb. 17, 2023). Here, a judgment of possession was issued in Plaintiff's favor by the Justice Court on February 13, 2023. *See Ward*, No. 04-EV-23-00117, writ issued Feb. 13, 2023. Defendant's appeal to the County Court at Law is also final.[6] Therefore, any relief now sought by Defendant in federal court challenging the Justice Court judgment is precluded by the Anti-Injunction Act[7] and the *Rooker–Feldman* doctrine.[8] *See Henderson*, 2023 WL 2072090, at *2 (collecting cases) ("Henderson's request for an injunction to prevent Defendants from any eviction or forcible detainer[] seeks relief that falls outside of this Court's jurisdiction under the Anti-Injunction Act and the *Rooker-Feldman* doctrine."); *Delgado v. Lopez*, No. 922CV00187MJTZJH, 2023 WL 2879508, at *3 (E.D. Tex. Mar. 17, 2023) ("Now that a Texas state court has issued its judgment, the Court cannot intervene in such proceedings due to application of the *Rooker-Feldman* doctrine"), *report and recommendation adopted*, No. 922CV000187MJTZJH, 2023 WL 2871064 (E.D. Tex. Apr. 10, 2023).. The Court lacks subject matter jurisdiction over Defendant's collateral attack on the

---

[6] Though Defendant timely appealed the Justice Court decision to the County Court at Law No. 1, the appeal was dismissed for want of prosecution. *See SPS Owner LLC*, No. 001-00508-2023.

[7] "The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). "A court may not grant injunctive relief that would enjoin a party 'from enforcing a valid extant judgment of a Texas court.'" *Williams v. Deutsche Bank Nat'l Tr. Co.*, No. 4:20-CV-00664-P-BP, 2020 WL 6276083, at *7 (N.D. Tex. Oct. 6, 2020) (quoting *Knoles*, 513 F. App'x at 416), *report and recommendation adopted sub nom. Williams v. Deutsch Bank Nat'l Tr. Co.*, No. 4:20-CV-00664-P-BP, 2020 WL 6273766 (N.D. Tex. Oct. 25, 2020). Because Defendant's request would have the "practical effect" of enjoining Plaintiff "from enforcing a valid extant judgment of a Texas court," the Court "is denied jurisdiction to grant that relief by the Anti–Injunction Act." *See Knoles*, 513 F. App'x at 416.

[8] The *Rooker–Feldman* doctrine has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted). The doctrine applies to both final judgments and "claims that are 'inextricably intertwined' with a state court decision." *Id.* Defendant "is arguing that there was a procedural error at issue in the state-court trial" and that "his eviction was not conducted in accordance with due process"; *Rooker–Feldman* therefore applies, since Defendant "is asking this Court to vacate the state-court judgment." *See DeVilbiss v. Jackson,* No. SA-20-CV-00878-OLG, 2020 WL 5249246, at *3 (W.D. Tex. Sept. 3, 2020), *report and recommendation adopted*, No. SA-20-CV-878-OLG, 2020 WL 10054537 (W.D. Tex. Oct. 29, 2020); *Chamberlain v. 625 Orleans, LP*, No. 1:11-CV-140, 2011 WL 1627080, at *4 (E.D. Tex. Apr. 18, 2011) ("Because Chamberlain filed this suit originally in an attempt to 'remove' the underlying eviction proceedings and her requested relief would be a direct bar to her eviction under the Justice of the Peace's orders, it is evident that she is directly attacking the underlying state court orders and her claims herein are inextricable intertwined with the state court orders."), *report and recommendation adopted sub nom. Chamberlain v. 625 Orleans, L.P.*, No. 1:11-CV-140, 2011 WL 1629648 (E.D. Tex. Apr. 28, 2011).

Justice Court forcible detainer and eviction determination. In sum, the Court finds that it lacks subject matter jurisdiction over this removed eviction proceeding and as such recommends it be remanded to the appropriate state court.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends this case be *sua sponte* **REMANDED** to the appropriate state court.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE